IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
December 03, 2025 05:18 PM
SCT-Civ-2023-0039
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **TARAH S. MALEK,**<br>Appellant/Respondent,<br><br>v.<br><br>**ANTHONY W. ROMANO,**<br>Appellee/Petitioner. | ) **S. Ct. Civ. No. 2023-0039**<br>) Re: Super. Ct. No. 0021/2014 (STT)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Debra S. Watlington

Considered: March 12, 2024
Filed: December 3, 2025

Cite as: 2025 VI 23

**BEFORE:** **IVE ARLINGTON SWAN**, Associate Justice; **MARIA M. CABRET**, Associate Justice; and **JESSICA GALLIVAN**, Designated Justice.[1]

**Appearances:**

**Tarah S. Malek**
St. Thomas, U.S.V.I.
 *Pro se,*

**Anthony W. Romano**
St. Thomas, U.S.V.I.
 *Pro se.*

---

[1] The Honorable Rhys S. Hodge is recused from this matter. The Honorable Jessica Gallivan, a judge of the Superior Court of the Virgin Islands, sits by designation pursuant to title 4, section 24 of the Virgin Islands Code.

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1      Appellant Tarah S. Malek ("Malek") appeals the Superior Court's August 1, 2023 order, which held her in contempt for obstructing the parenting time of Appellee Anthony W. Romano ("Romano") with their minor child and ordered her to reimburse Romano for travel and all other reasonable expenses he incurred for the parties' minor child's trip to Italy. For the reason elucidated below, we dismiss the appeal for lack of jurisdiction.

### I.      BACKGROUND FACTS AND PROCEDURAL POSTURE

¶2      This case emanates from Romano's allegation that Malek violated the parenting time restriction embodied in the Superior Court's December 1, 2016 Temporary Custody Order.

¶3      On May 31, 2022, Romano filed a motion in the Superior Court requesting to travel to the "Festival of Lights" in Italy with the parties' minor child from September 2, 2022 to September 30, 2022. The Superior Court granted Romano's request for travel in an order dated September 6, 2022. Relevant to the trip, the order specified that Romano shall provide a copy of the travel itinerary to Malek; that the minor child shall remain in Romano's care and custody for the duration of the off-island travel; that Romano shall be solely responsible for all expenses related to this trip; that if any of Malek's parenting time is affected by Romano's travel plans, she shall be compensated with the minor spending additional time with Malek upon her return and that Malek shall have a daily video chat or phone call with the minor child at a reasonable time, while the child is on the off-island trip with Romano.

¶4      On October 31, 2022, Romano filed a motion to show cause in the Superior Court, requesting that Malek be found in contempt for violating the parenting plan embodied in the

Superior Court's December 1, 2016 order, because Malek obstructed his parenting time with his daughter during the vacation in Italy. Specifically, Romano asserted that Malek's trip to Italy at the same time and at the same location as his trip with the parties' minor child was a willful disruption of his parenting time with the minor child, which also negatively affected the minor. Romano subsequently filed a motion to show cause on January 18, 2023, in which he reiterated his request that Malek be held in contempt, alleging that she violated a provision of the Superior Court's December 2, 2016 order, which provides that Romano and Malek "are prohibited from making adverse remarks about each other in front of the minor." (J.A. 477). Malek responded to both motions by denying the allegations. On May 25, 2023, the Superior Court granted the motion for an order to show cause, scheduling an in-person hearing for June 15, 2023, so that it could "determine if [Malek] acted in violation of th[e] Court's orders" of December 1 and December 2, 2016. (J.A. 477.)

¶5 After hearing from the parties and their witnesses at the show cause hearing, the Superior Court found that Malek acted willfully and inappropriately when she travelled to Italy during Romano's vacation with the minor child, asked Romano for parenting time, and invited the minor child to spend time with her. The court ultimately determined that Malek's conduct violated the December 1, 2016 order, because she interfered with Romano's parenting time. Accordingly, the Superior Court found Malek in contempt and ordered her to reimburse Romano for travel and other reasonable expenses he incurred from the minor's trip to Italy. However, the Superior Court did not order the payment of a specific dollar amount that Malek should be reimbursed. Malek filed a timely notice of appeal from the Superior Court's order of contempt, and this appeal ensued.

## II.  DISCUSSION

### A.  Jurisdiction

¶6     This Court has jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." Before considering the merits of this appeal, we must first determine whether we possess appellate jurisdiction over the Superior Court order at issue. *Ali v. Hay*, 70 V.I. 737, 740 (V.I. 2019); *See also Drayton v. Drayton*, 65 V.I. 325, 332 (V.I. 2016) (disposing of a jurisdictional issue not raised by either party on appeal or before the Superior Court); *V.I. Waste Mgmt. Auth. v. Bovoni Invs., LLC*, 61 V.I. 355, 365 (V.I. 2014) ("[A] court may consider the issue of subject matter jurisdiction *sua sponte*.") (internal quotation marks and citation omitted); *In re Guardianship of Smith*, 54 V.I. 517, 527 (V.I. 2010).

¶7     It is well-settled that a civil contempt order is final for purposes of an appeal when the court adjudicating the issues makes a finding of contempt and imposes an appropriate sanction. *See Matter of U.S. Abatement Corp.*, 39 F.3d 563, 567 (5th Cir. 1994); *Cobbledick v. United States*, 309 U.S. 323, 330 (1940) (order denying motion to quash subpoena *duces tecum* not final or appealable, and establishing that an adjudication of contempt provides the finality necessary to initiate an appeal); *Alexander v. United States*, 201 U.S. 117, 121-22 (1906) (same); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1369 (Fed. Cir. 1999) (noting that a contempt order is final and appealable when the opportunity to purge the contempt has passed and the position of the parties has been affected by the contempt order); *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1273 (9th Cir. 1976) (contempt order deemed final order and appealable when the fines assessed were ordered to be paid). Although a contempt order is a

final order for purposes of an appeal, a final order typically needs to be quantified to be considered final.

¶8    The relevant decretal portion of the Superior Court's August 1, 2023 contempt order provided that:

> [T]he Respondent/Mother shall reimburse the Petitioner/Father for travel expenses incurred for the minor's trip to Italy, including airfare, prorated housing costs, meals, and other reasonable expenses by no later than September 1, 2023; and it is further ordered that Petitioner/Father shall provide Respondent/Mother and this court with a verified accounting of the above expenses by no later than August 11, 2023.

(J.A. 480-81).  Generally, an order is not final until the award granted by the court is reduced to a determinate or quantified amount.  *See, e.g., V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008) (observing that "a trial court's grant or denial of attorney's fees is a final judgment, provided that the lower court has quantified the award if it has awarded fees"); *Martin v. Brown*, 63 F.3d 1252, 1259 (3d Cir. 1995); *Apex Fountain Sales, Inc. v. Klienfeld*, 27 F.3d 931, 934-35 (3d Cir. 1994); *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers* 855 F.2d 1080, 1089 (3d Cir. 1989); *United States v. Sleight*, 808 F.2d 1012, 1015 (3d Cir. 1987); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1412 n.18 (5th Cir. 1994).

¶9    Here, the Superior Court ordered Romano to provide Malek and the court with a copy of a verified accounting of the expenses, but the court did not quantify in the order the specific amount in reimbursement awarded to Romano for travel expenses, airfare, prorated housing costs, meals, and other reasonable expenses incurred for the minor child's trip to Italy.  This quantification is important because it requires that a specific amount be paid, which facilitates appellate review by reducing unnecessary expenditures by the parties and avoids waste of

judicial resources. To put it succinctly, the quantification requirement "avoid[s] [a] piecemeal appellate review of trial court decisions which do not terminate the litigation." *Bryant v. People*, 53 V.I. 395, 400 (V.I. 2010) (citing *Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 315 (V.I. 2007)). For example, if this Court were to determine that the contempt order in this case was proper at this juncture, Malek could file another appeal if she were to effectively dispute the amount the Superior Court ordered her to pay, and the Superior Court were to disagree, in whole or in part, with her contentions.[2] This would undoubtedly allow piecemeal dispositions, thereby thwarting the important policy underlying the final judgment rule. *See Smith v. McLaughlin*, 77 V.I. 565, 569–70 (V.I. 2023).

---

[2] We note that, as ordered, Romano timely filed a verified account of expenses incurred for the trip to Italy with the Superior Court on August 8, 2023, indicating that the total claimed expenditure amounted to $ 9,833.45. Romano alleges that Malek paid $2,229.33 of this amount to him on or about October 16, 2023. However, there is nothing in the record currently before this Court indicating whether Romano has yet sought an order from the Superior Court to compel Malek to pay the remaining amount of expenses that he claims is owed, or an order seeking to hold Malek in contempt for failing to timely pay that amount to him "[n]o later than September 1, 2023" as required by the Superior Court's August 1, 2023 order. (J.A. 481). Nor is there anything in the record currently before this Court indicating whether Malek has filed anything with the Superior Court challenging Romano's claimed total expenses. We make these observations only to establish that there are unresolved issues outstanding with regard to the Superior Court's August 1, 2023 order that clearly disqualify it from being considered a final, appealable order.

### III.   CONCLUSION

¶10     Because the Superior Court's August 1, 2023 order contained an award that was not quantified, in the sense that the order failed to state the amount of the award Malek shall pay, it was not a final order.  As a result, we do not have jurisdiction to consider this appeal.  Therefore, this case is remanded to the Superior Court for further determination consistent with this opinion.

**DATED this 3rd day of December 2025.**

**IVE ARLINGTON SWAN**
**Associate Justice**

**ATTEST:**

**DALILA E. PATTON, ESQ.**
**Acting Clerk of the Court**

**By:**   /s/ Jahkyda Coakley
          **Deputy Clerk II**

**Dated:**  December 3, 2025